MORRISON v. ORANGE & N. W. RY. CO. et al. (No. 1019.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 29, 1924.)

**1. Trial ⟨⟩215—Refusal of special charge on law of crossing signals not error in view of special issue submitted.**

In action for personal injury from a crossing collision, where there was special issue submitted as to whether the signals were given by defendant before its approach to the crossing, there was no error in refusing plaintiff's instruction on the law requiring crossing signals by bell and whistle, and that failure so to signal was negligence as matter of law.

**2. Trial ⟨⟩215—Special charges generally not given when case submitted on special issues.**

Where a case is submitted on special issues, special charges should never be given except where necessary to guide jury in answering some special issue of fact to which it relates.

**3. Trial ⟨⟩352(1)—Special issue on care in looking and listening before crossing track held without error.**

In action for personal injury from a crossing collision between automobile in which plaintiff was a passenger and defendant's motor car, special issue as to whether plaintiff exercised such care to look and listen as would have been exercised by persons of ordinary prudence under the circumstances was not objectionable as making too prominent the look and listen feature, nor did it assume that such failure constituted negligence.

**4. Trial ⟨⟩351(5)—Refusal of special issue not error in view of one submitted.**

In action for personal injury in a crossing collision, since defendant was entitled to special issue which submitted the question whether plaintiff exercised such care to look and listen for approaching trains as should be exercised by persons of ordinary prudence under the circumstances, there was no error in refusing to submit in its stead defendant's requested issue as to whether, in approaching the crossing, he exercised ordinary care for his own safety, or such care as persons of ordinary prudence would have exercised.

**5. Railroads ⟨⟩324(1)—Ordinary care required of traveler.**

One is required to use ordinary care for his own safety in approaching a railroad crossing.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error &lbbar;1052(8)—Refusal to admit proof of permanent injury harmless in view of finding of nonliability.**

In action for personal injury, where no liability of defendant was established, refusal to admit proof of permanent nature of plaintiff's injury becomes immaterial.

**7. Negligence &lbbar;113(6)—Petition for injuries to passenger in automobile held good as against general demurrer. ·**

In action for personal injury from a collision between defendant's automobile and a railroad motor car, petition alleging that plaintiff was riding as an invited guest in defendant's automobile, driven by its agent, that he had no control over the driver, that he was in the exercise of proper care, but that driver was guilty of negligence in manner of approaching the crossing which contributed to railroad's negligence in causing the injury, *held* good as against general demurrer.

Appeal from District Court, Newton County; Martin Dies, Judge.

Action by C. W. Morrison against the Orange & Northwestern Railway Company and another. Judgment for defendants, and plaintiff appeals. Affirmed in part and reversed and remanded in part.

Thos. H. Casey, of Burkeville, and Lamar Hart and Howth & O'Fiel, all of Beaumont, for appellant.

Holland & Holland, of Orange, and J. B. Forse, of Newton, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellant, Morrison, in the district court of Newton county, against the Orange & Northwestern Railway Company and the E. L. Wilson Hardware Company, a private corporation domiciled in Jefferson county, to recover damages for personal injuries alleged by appellant to have been sustained by him in consequence of negligence on the part of both defendants. Appellant's allegations were, in substance, that, while riding in an automobile belonging to the E. L. Wilson Hardware Company, and driven by its duly authorized agent, R. E. Dailey, on one of the public roads in Newton county, where the same is crossed by the railroad company's track, a motor car of the railroad company ran into and struck the automobile, and injured appellant, the nature and extent of the injuries being specified, and stated in his petition, and prayed to recover as against both defendants $5,000. As grounds of negligence against the railroad company, it was alleged by appellant that those in charge of the train as it approached the crossing failed to give the statutory signals by blowing the whistle and ringing the bell, and that such failure to give such signals was a proximate cause of the collision with the automobile. As against the E. L. Wilson Hardware Company, it was alleged, in substance, that appellant was an invited guest in the automobile at the time, having been invited by the driver, Dailey, to ride with him, and that Dailey, in so inviting him and permitting him to ride in the car, was acting as the duly authorized agent of E. L. Wilson Hardware Company, and that appellant had no control or direction over the automobile or the driver, Dailey, but was simply a passenger in the car, and that he was in the exercise of due and proper care, but that the driver, Dailey, as the agent and servant of the E. L. Wilson Hardware Company, was guilty of negligence in the manner in which he approached the crossing at the time of the collision, and that this negligence contributed to that of the railroad company in causing appellant's injury.

The railroad company answered by general demurrer and general denial and a plea of contributory negligence on the part of appellant. The E. L. Wilson Hardware Company answered by general demurrer and general denial, and by plea of contributory negligence on the part of appellant. The trial court sustained the general demurrer of E. L. Wilson Hardware Company, and the case proceeded to trial with a jury as between appellant as the plaintiff and the Orange & Northwestern Railway Company as the defendant.

In answer to special issues submitted, the jury found that the operatives in charge of the motor train of the railway company failed to blow the whistle and ring the bell, as alleged by appellant. The jury further found, however, that such failure on the part of the railway company was not the proximate cause of the injury to appellant. The jury further found that both appellant and R. E. Dailey, who was driving the automobile, were guilty of contributory negligence. They further found that $1,500 would be a fair and reasonable compensation for the injuries sustained by appellant.

Upon the verdict as returned, judgment was rendered that appellant take nothing by his suit, and from that judgment this appeal is prosecuted.

[1, 2] Upon the trial, counsel for appellant requested the court to give this special charge to the jury:

"You are instructed that the law requires that the whistle shall be blown and the bell rung at the distance of at least 80 rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road, or stopped, and the failure to so blow such whistle, or to so ring such bell is negligence as a matter of law."

The court refused this special charge, and properly so, because it was not necessary to guide the jury in answering the special issue as to whether the whistle was blown or the

bell rung. Where a case is submitted upon special issues to a jury, special charges should never be given except where necessary to guide the jury in answering some special issue of fact to which the charge relates. There was no such necessity for the special charge here. If the whistle was not blown as required by the statute, or the bell was not rung and kept ringing as required by the statute, this was negligence as a matter of law on the part of the railway company, a matter with which the jury had nothing to do, and in this case, had they not answered as they did that the failure to blow the whistle or ring the bell was not the proximate cause of the collision, but, on the contrary, had answered that such failure was the proximate cause, then their finding on these two issues would have compelled a judgment in appellant's favor, unless he was guilty of contributory negligence.

[3] Question No. 4 propounded to the jury by the court was as follows:

"Did the said C. W. Morrison exercise such care to look and listen for approaching trains, as would have been exercised by a person of ordinary prudence under the same or similar circumstances? Answer 'Yes' or 'No.'"

The jury answered "No." Appellant objected to this special issue on the ground, substantially, that it made too prominent the failure "to look and listen" feature, and because it assumed that a failure to look and listen on the part of appellant constituted negligence. We do not think that either objection made by appellant to this special issue is sound, and that under the pleadings and evidence the railroad company was entitled to have the issue submitted as it was, and that therefore the assignments raising this point should be overruled. Counsel for appellant in connection with this matter cite numerous cases in which the appellate courts of this state have held that a failure to look and listen by one before going upon a railroad crossing is not negligence as a matter of law, or contributory negligence as a matter of law, and this court has frequently so held, and the submission of this issue did not suggest or indicate to the jury, as complained by appellant, that a failure on his part to look and listen before going upon the crossing on the occasion in question would constitute any negligence on his part. The assignment in this connection is overruled.

[4, 5] It is appellant's contention, by another assignment of error, that the court was in error in refusing to submit the following special issue requested by him, instead of that which was given on the issue of contributory negligence. The requested issue was as follows:

"Did the said C. W. Morrison, in approaching the crossing, exercise ordinary care for his own safety, or such care as a person of ordinary prudence would have exercised under the same or similar circumstances?"

We think there was no error in refusing this issue, notwithstanding it is the law that one is only required to use ordinary care for his own safety in approaching a railroad crossing. But a failure by one approaching a railroad crossing to look and listen before going upon the crossing may be found as an issue of fact to be contributory negligence on his part, and, as we stated above, the railroad company in this case was entitled to have that issue submitted to the jury, as was done, and, the jury having answered, in effect, that appellant was guilty of contributory negligence in failing to look and listen before going upon the crossing, it follows that the jury could not have consistently answered the requested issue in such a way as to relieve appellant of contributory negligence. The assignment in this connection is overruled.

[6] Upon the trial, appellant offered to prove that the injuries sustained by him by reason of the collision in question were of a permanent nature, and that his capacity to labor and earn money had been diminished thereby. His bill of exception shows that the court declined to admit such proof, and this action of the court is assigned as error. If the trial court, in declining to admit the tendered proof, was of the opinion that appellant's petition did not allege permanent injury, the court was mistaken, for it is clear to us that the petition, in the absence of a special exception, sufficiently alleged permanent injuries to admit proof of the appellant's diminished capacity to labor and earn money. This error, however, becomes immaterial, since no liability on the railroad company's part was established.

[7] By another proper assignment of error, appellant complains of the action of the trial court in sustaining the general demurrer interposed by the E. L. Wilson Hardware Company, and dismissing his suit as against that defendant. We have hereinabove stated, in substance, appellant's allegations by which it was sought to show liability on the part of E. L. Wilson Hardware Company, and it is our opinion that those allegations were clearly sufficient as against a general demurrer to show liability on the part of the E. L. Wilson Hardware Company, and therefore the trial court was in error in sustaining that defendant's general demurrer and dismissing it from the suit. For this error the judgment will have to be reversed, and the cause remanded as between appellant and E. L. Wilson Hardware Company, but will be affirmed as between appellant and the Orange & Northwestern Railway Company.

Affirmed in part and reversed and remanded in part.